# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

TONYA LOUISE BURROWS,  )
                       )
        Plaintiff,     )
                       )
v.                     )    Case No. CIV-10-201-FHS
                       )
MICHAEL J. ASTRUE,     )
Commissioner of Social )
Security Administration, )
                       )
        Defendant.     )

## REPORT AND RECOMMENDATION

Plaintiff Tonya Louise Burrows (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on April 19, 1966 and was 44 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a housewife and a kitchen helper. Claimant alleges an inability to work beginning October 21, 2006 due to limitations resulting from degenerative

3

disc disease and headaches.

**Procedural History**

On March 19, 2007, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, et seq.) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On February 17, 2009, an administrative hearing was held before ALJ Osly Deramus in McAlester, Oklahoma. On March 16, 2010, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review on May 19, 2010. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform sedentary work with some limitations.

**Errors Alleged for Review**

Claimant asserts the ALJ committed error in reaching an RFC which did not include all of Claimant's limitations.

**RFC Evaluation**

Claimant contends the ALJ failed to include additional limitations in her ability to sit, stand, walk, take breaks, and required absences from work in arriving at an RFC. On January 24, 2006, Claimant reported low back pain and numbness in her left leg. (Tr. 294). On May 31, 2006, Claimant underwent an MRI of her cervical spine after being involved in an automobile accident. The MRI revealed degenerative disc disease at C4-5, C5-6, and C6-7, manifested by loss of disc space height and signal intensity. (Tr. 291). On September 13, 2006, Claimant underwent an MRI of her lumbar spine. This testing showed Claimant had degenerative disc disease at L1-2, L4-5, and L5-S1. (Tr. 304).

On October 5, 2006, Claimant submitted to an consultative physical examination by Dr. Jimmie Taylor. He concluded Claimant suffered from degenerative disc disease/degenerative joint disease in the low back with probable radiculopathy, degenerative disc disease/degenerative joint disease in the neck with some right arm radiculopathy, and a history of headaches. (Tr. 298).

On April 20, 2007, Dr. Luther Woodcock completed a Physical Residual Functional Capacity Assessment on Claimant. He found Claimant could occasionally lift and/or carry 20 pounds and 10 pounds frequently; stand and/or walk about 6 hours in an 8 hour workday; sit about 6 hours in an 8 hour workday; and unlimited

pushing and pulling. (Tr. 365-66). Dr. Woodcock noted that lumbar and cervical MRIs showed mild bulging, degenerative changes but no cord compromise. He also noted a "slow gait but sage and stable without assistive devices." (Tr. 366).

On July 29, 2009, Claimant was evaluated by Dr. Patrick Martin. Dr. Martin found Claimant to have 5/5 strength in iliopsoas, quadriceps, hip abductors, gluteus maximus, and medius. He also found Claimant to have full active and passive range of motion. Dr. Martin found some tenderness in the lumbar 4th and 5th spinous process and sacral superior spinous process. He diagnosed Claimant with low back and knee pain. (Tr. 488-89).

Claimant has periodically been treated for irritable bowel syndrome and diarrhea. (Tr. 312, 346, 430).

On January 19, 2010, Claimant was evaluated by Dr. Ashok Kache. Dr. Kache diagnosed Claimant with chronic musculoskeletal pain syndrome likely part fibromyalgia. He also noted Claimant's headaches and treatment with Topomax by a neurologist. (Tr. 483).

On April 13, 2009, Claimant was treated by Dr. Shashi Husain for her headaches. (Tr. 412). An EEG administered on June 11, 2009 was normal. (Tr. 411). Dr. Husain concluded Claimant had chronic daily headaches exacerbated by rebound headaches caused by excessive use of Lorcet. (Tr. 412). He recommended that the

Lorcet be replaced with another medication. (Tr. 413).

At the administrative hearing, Claimant testified that she could stand for 10-15 minutes, sit for 20-30 minutes before having to change position, and lift no more than 15 pounds. (Tr. 48).

In his decision, the ALJ found Claimant suffered from the severe impairments of degenerative disc disease of the cervical and lumbar spine and headaches. (Tr. 11). He found that, although Claimant testified she had been taking Neurontin for neuropathy in her hands and feet, none of the medical records supported this testimony. (Tr. 15-16). The ALJ concluded Claimant could perform sedentary work except that she can occasionally stoop, crouch, crawl, kneel, balance, and climb stairs but never climb ladders. (Tr. 16).

The ALJ found may discrepancies between Claimant's testimony on limitations and the medical evidence. Although Claimant testified as to knee pain, her physician, Dr. Martin, could find no etiology for the condition. (Tr. 18-19). Although she claimed the above restrictions on her work activity, Dr. Martin stated Claimant had full range of motion and 5/5 muscle strength. (Tr. 19).

The RFC is an administrative finding of what an individual can still do despite her limitations. 20 C.F.R. § 404.1545(a). "A physical ... impairment must be established by medical evidence

consisting of signs, symptoms, and laboratory findings, not only by [an individual's] statement of symptoms." 20 C.F.R. § 404.1508. This Court concurs with the ALJ that the medical evidence supporting Claimant's asserted limitations on her work activity is non-existent. The only statement of limitation on Claimant's activities is that provided by Claimant herself. No other medical professional imposed any of the limitations she now claims. As a result, this Court cannot find error in the ALJ's ultimate rejection of Claimant's credibility and her statements of limitation.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 29th day of August, 2011.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE